UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLYMPIC VIEW WATER AND SEWER DISTRICT,

                    Plaintiff(s),

          v.

EDMONDS SCHOOL DISTRICT NO. 15,

                    Defendant(s).

CASE NO. C25-1409-KKE

ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT

Plaintiff Olympic View Water and Sewer District ("Olympic View") brought this citizen suit against Defendant Edmonds School District No. 15 ("the School District") for violating the Safe Drinking Water Act by discharging contaminated stormwater to underground sources of drinking water at Madrona K–8 School. Dkt. No. 1 ¶¶ 4–5.

The School District filed a motion to dismiss the action without prejudice because Olympic View failed to attempt to mediate the dispute before filing suit, as the School District maintains is required by the parties' Water Service Connection Agreement ("WSCA"). Dkt. No. 8. Olympic View opposes the motion, contending that the WSCA does not govern the claims presented in this lawsuit. Dkt. No. 16.

The WSCA is not referenced in Olympic View's complaint but was submitted along with the School District's motion. Dkt. No. 8 at 4, Dkt. No. 9-1. The School District contends that

ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT - 1

partly in response to Olympic View's "vehement" opposition to the UIC Wells at Madrona K–8, the School District and Olympic View entered into the WSCA

> to implement additional measures to safeguard against contamination and to take reasonable measures to monitor the potential for adverse impacts to the drinking water supply and to require proactive measures before harmful impacts occur.

Dkt. No. 9-1 at 3. The WSCA provides that "[i]f a dispute arises from or relates to this Agreement or the breach thereof and if the dispute cannot be resolved through direct discussions, the parties agree to endeavor first to settle the dispute in an amicable manner by mediation administered by a mediator … before resorting to litigation." *Id*. at 5. As it is undisputed that Olympic View did not attempt to mediate the claims presented in this lawsuit before filing suit, the School District requests that the Court dismiss the complaint without prejudice to refiling after compliance with the mediation clause. Dkt. No. 8 at 9.

Olympic View emphasizes the general rule that a court considers only the allegations in a complaint when ruling on a motion to dismiss. Dkt. No. 16 at 9. It therefore argues that because its complaint does not reference the WSCA, the Court should refuse to consider the WSCA in resolving the School District's motion to dismiss. *Id*. at 11. It also argues that its claims arise under the Safe Water Drinking Act, rather than for breach of the WSCA, and therefore the WSCA does not govern this lawsuit. *Id*. at 17–20. Olympic View also argues the School District waived its right to enforce the mediation clause by failing to engage in the "direct discussions" contemplated under the WSCA either before or after Olympic View notified it of its intent to sue. *Id*. at 20–22. Olympic View filed two declarations along with its opposition brief, with more than 200 pages of exhibits attached. Dkt. Nos. 17, 18.

The School District's reply brief requests that the Court strike parts of the opposition, the accompanying declarations, and exhibits. Dkt. No. 19 at 1. The School District also requests that

ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT - 2

if the Court would prefer to convert its motion to a motion for summary judgment, that supplemental briefing be permitted.  *Id*. at 2.

The Court finds that resolution of the School District's motion will require consideration of materials outside the pleadings, and that its motion should therefore be converted to a motion for summary judgment.

> When a district court "looks beyond the pleadings in evaluating a Rule 12(b)(6) motion to dismiss, the motion must be treated as one for summary judgment under Rule 56."  *Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985).  In providing notice to the parties, "a district court need only apprise the parties that it will look beyond the pleadings to extrinsic evidence and give them an opportunity to supplement the record."  *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1408 (9th Cir. 1995).

*San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).  Although both sides have submitted extrinsic evidence with respect to this motion, the Court nonetheless finds it appropriate to permit supplemental briefing to allow the parties to address the correct standards of review under Rule 56 and fully articulate any arguments that may not have been raised in a Rule 12(b)(6) context.

For these reasons, the Court will convert the School District's motion to dismiss (Dkt. No. 8) to a motion for summary judgment.  The parties are ORDERED to meet and confer on a proposed supplemental briefing schedule (and any other interim deadlines needed), and shall file either a stipulated motion for a briefing schedule or a statement describing the parties' respective proposals on that issue (if agreement cannot be reached), no later than January 29, 2026.

Dated this 23rd day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT - 3